# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE AMATRUDA,

    Plaintiff,

v.

WERNER (FID) CO., INC., et al.,

    Defendants.

Case No. 19-cv-05446-PJH

**ORDER DENYING MOTIONS TO DISMISS AND GRANTING MOTION TO QUASH FOR INSUFFICIENT SERVICE OF PROCESS**

Re: Dkt. No. 24, 26

Defendant Werner Co.'s motion to dismiss under Rule 12(b)(1) and quash service under Rule 12(b)(5) and defendant KLI, Inc.'s Rule 12(b)(6) motion to dismiss plaintiff Christine Amatruda's ("plaintiff") first amended complaint ("FAC") came on for hearing before this court on January 22, 2020. Plaintiff appeared through her counsel, Leland Belew and Lori Andrus. Defendant Werner Co. appeared through its counsel, Jonathan Hembree, and defendant KLI, Inc. appeared through its counsel, Zack Tolson. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** defendant Werner Co.'s motion to quash for the reasons stated at the hearing, **TERMINATES** as withdrawn defendant Werner Co.'s Rule 12(b)(1) motion to dismiss, and **DENIES** defendant KLI, Inc.'s Rule 12(b)(6) motion to dismiss.

## BACKGROUND

On August 29, 2019, plaintiff filed her original complaint ("Original Complaint") against defendant Werner (FID) Co., Inc. and defendant Old Ladder Co. f/k/a Werner Co. (collectively, the "Original Defendants"). Dkt. 2 (Compl.). On October 3, 2019, not then a named defendant in this action, defendant Werner Co. made a special appearance to file

a Rule 12(b)(5) motion to dismiss or quash service of the Original Complaint upon the Original Defendants. Dkt. 12. On October 15, 2019, plaintiff filed her operative FAC. Dkt. 20. On October 16, 2019, defendant Werner Co. withdrew its initial motion. Dkt. 23.

In her FAC, plaintiff maintained her claims against the Original Defendants and further named the following entities as defendants ("Additional Defendants") as to such claims:

- Werner Co.;
- Werner Ladder Inc.;
- Werner Funding Corporation;
- Old Ladder Co. (PA), Inc. f/k/a Werner Holding Co. (PA), Inc.;
- Werner Management Co.; and
- KLI, Inc., f/k/a Keller Ladders, Inc., f/k/a KUA Co. f/k/a Keller Industries, Inc.

For purpose of this order, the court will refer to the Original Defendants and Additional Defendants collectively as "defendants." In her FAC, plaintiff alleges the following claims against defendants in connection with an injury she suffered when using a ladder:

- Negligence, FAC ¶¶ 50-56;
- Strict products liability for design defects, id. ¶¶ 57-77; and
- Strict products liability for manufacturing defect, id. ¶¶ 78-92.

The parties agree that, aside from naming the Additional Defendants, the substantive claims alleged in the FAC are materially similar to those alleged in the Original Complaint. Dkt. 26 at 9; Dkt. 30 at 19. Except as noted in its analysis, the court need not detail the events underlying plaintiff's claims to resolve the instant motions.

On November 15, 2019, defendant Werner Co. again made a special appearance to file the instant motion to dismiss or quash service under Rule 12(b)(1) and Rule 12(b)(5). Dkt. 24. In its service of process challenge, defendant Werner Co. asked this court to quash service with respect to all defendants, except itself. In its challenge to this court's subject matter jurisdiction, defendant Werner Co. argued incomplete diversity,

1    citing an allegation in the FAC stating that defendant KLI, Inc. maintained its principal
2    place of business in Mission Viejo, California and an allegation in a notice of removal filed
3    in the United States District Court for the Eastern District of Wisconsin in Merryfield et al
4    v. KLI INC et al, Case No. 1:17-cv-00742-WCG ("Merryfield") stating that defendant KLI,
5    Inc. maintains its principal place of business in Chino Hills, California.  Dkt. 24 at 6-7; Dkt.
6    32 at 2-3.

On November 18, 2019, defendant KLI, Inc. filed the instant motion to dismiss under Rule 12(b)(6).  Dkt. 26.  In it, defendant KLI, Inc. argues only that California's statute of limitations bars the claims against it.  Significantly, defendant KLI, Inc. did *not* join in defendant Werner Co.'s Rule 12(b)(1) motion or otherwise challenge this court's subject matter jurisdiction on the basis of its purported California citizenship.

At oral argument, plaintiff admitted that, except defendant Werner Co. and defendant KLI, Inc., she failed to properly serve defendants.  Therefore, the court orally granted defendant Werner Co.'s motion to quash and dismissed the improperly served defendants without prejudice.

At oral argument, the court also asked counsel for defendant KLI, Inc. where its client principally conducts its business operations.  Counsel failed to provide a clear or direct answer to the court's question, instead responding with his "understanding" that defendant KLI, Inc. "no longer manufactures ladders" and has a California address.  The court then ordered that defendant KLI, Inc. submit to jurisdictional discovery concerning its citizenship and that the parties submit further briefing on the jurisdictional challenge. Shortly after that order, on February 14, 2020, defendant Werner Co. filed a "Notice of Withdrawal" of its motion to dismiss, which abandoned that challenge.  Dkt. 41.

To the extent necessary to resolve the outstanding issues presented, the court details the relevant allegations, judicially noticed facts, and service of process related events in its analysis below.

**DISCUSSION**

A. **Legal Standard**

　　1. **Rule 12(b)(5) – Insufficient Service of Process**

Rule 12(b)(5) provides that a party may assert a defense based upon "insufficient service of process." Fed. R. Civ. Pro. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4. . . . Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." Sebastian Brown Prods., LLC v. Muzooka, Inc., 143 F. Supp. 3d 1026, 1033 (N.D. Cal. 2015). The Ninth Circuit recognizes that "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." S.E.C. v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007). Lastly, while Rule 4 generally allows 90 days to effect service, a court may extend time for such service "if the plaintiff shows good cause for the failure" to timely serve. Fed. R. Civ. Pro 4(m).

　　2. **Rule 12(b)(6) – Failure to State a Claim**

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010).

B. **Analysis**

　　1. **The Court Maintains Subject Matter Jurisdiction Over This Action**

Despite defendant Werner Co.'s "withdrawal" of its jurisdictional challenge, this court has an independent obligation to ensure that it maintains such jurisdiction over this action. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

Here, based upon the allegations, representations by counsel, third-party testimony, and litigation conduct of the parties, the court is satisfied that it maintains diversity subject matter jurisdiction over this action. As noted above, defendant Werner

4

1 Co. based its jurisdictional challenge upon two allegations—the allegation in the FAC that
2 defendant KLI, Inc. maintains its principal place of business in Mission Viejo, California,
3 FAC ¶ 16, and an allegation in a notice of removal filed in Merryfield stating that
4 defendant KLI, Inc. maintains its principal place of business in Chino Hills, California.
5 Dkt. 33-2 ¶ 7.

With respect to the FAC allegation, plaintiff provided evidence in her opposition of a business using the "KLI" acronym in Mission Viejo, California, but that that business, in fact, has nothing to do with ladders. Dkt. 33-2 ¶¶ 2-5 (testimony of a Kelly Legere stating that he is the owner of "KLI, Inc.," which stands for "Kelly Legere Inspections, Incorporated," is a business involved in "the performance of school inspections," "has never been involved in the design, manufacture, distribution, or marketing of ladders," and maintains an address in Mission Viejo, California). This testimony supports plaintiff's explanation that her allegation at paragraph 16 was a mistake. Dkt. 30 at 16-17. With respect to the Merryfield notice of removal's allegation, the court is unpersuaded. Such allegation is nothing more than an unverified statement signed by counsel in a pleading to an out-of-district court in a now terminated case. Dkt. 33-2 at 6.

In any event, the court finds that defendant Werner Co.'s "withdrawal" of its jurisdictional challenge shortly after this court ordered discovery on the issue—coupled with the fact that defendant KLI, Inc. (the purportedly non-diverse defendant in this action) did *not* challenge the FAC on jurisdictional grounds—compels the adverse inference that defendant KLI, Inc.'s principal place of business (assuming one exists) is located outside California. As a result, the court concludes that it maintains subject matter jurisdiction over this action and will go on to decide the remaining issues below.

**2.  Plaintiff Failed to Properly Serve All Defendants Except Defendant Werner Co. and Defendant KLI, Inc.**

At oral argument, the court granted defendant Werner Co.'s motion to quash in part and dismissed the improperly served defendants without prejudice. Such order is proper given plaintiff's admission, both at oral argument and in her briefing, that, except

5

for defendant Werner Co. and defendant KLI, Inc., she failed to properly serve the other defendants. Dkt. 30 at 18. However, plaintiff provided this court with a proof of service upon defendant KLI, Inc. Dkt. 28. Neither defendant Werner Co. nor defendant KLI, Inc. contested such presumptively sufficient evidence of service in their replies. Dkt. 32 at 2; Dkt. 33. The court therefore concludes that plaintiff properly served defendant KLI, Inc.

### 3. The Statute of Limitations Does Not Bar Plaintiff's Claims Against Defendant KLI, Inc.

Plaintiff does not dispute that California Code of Civil Procedure § 335.1's two-year statute of limitations would bar her claims against defendant KLI, Inc. unless such claims either relate back to her Original Complaint or are subject to equitable tolling. Analyzed below, the court concludes that plaintiff's claims relate back to the Original Complaint under Rule 15(c)(1)(C) and, in the alternative, may be equitably tolled under California law. As a result, the statute of limitations does not bar the challenged claims.

#### a. The Challenged Claims Relate Back to the Original Complaint under Rule 15(c)(1)(C)

Rule 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1).

The Supreme Court in Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010) has

1  explained that Rule 15(c)(1)(C) "sets forth an exclusive list of requirements for relation
2  back, and the amending party's diligence is not among them," and "the Rule mandates
3  relation back once the Rule's requirements are satisfied; it does not leave the decision
4  whether to grant relation back to the district court's equitable discretion." Id. at 553.

Here, plaintiff asserts that her claims against defendant KLI, Inc. properly relate back to her Original Complaint under Rule 15(c)(1)(C). Dkt. 30 at 19-23. Defendant KLI, Inc. concedes that "Rule 15(c)(1)(B) is not at issue here," Dkt. 26 at 9, and does not dispute that it would suffer any prejudice within the meaning of Rule 15(c)(1)(C)(ii). Instead, defendant KLI, Inc. challenges plaintiff's assertion on the following two grounds: (1) Rule 15(c)(1)(C) applies only to circumstances where a party needs "to correct a misnomer or technicality," as opposed to "add[ing] a completely new party," Dkt. 26 at 10; and (2) plaintiff failed to show that defendant KLI, Inc. was on notice that, but for a mistake in its identification, it would have been named in the Original Complaint, Dkt. 26 at 10; Dkt. 34 at 3. The court analyzes each ground in turn.

In support of its first ground, defendant KLI, Inc. relies upon Craig v. United States, 479 F.2d 35 (9th Cir. 1973) ("Craig II"). Contrary to defendant KLI, Inc.'s characterization, Craig II did not limit Rule 15(c)(1)'s then-existing 1966 version to correcting "misnomers." Instead, Craig II held that plaintiff could not relitigate a finding in its prior related action ("Craig I") that plaintiff could not add a party ("Litton") in place of a Doe defendant because "in Craig I, we applied the rule [Rule 15(c)] and held (1) that within the statutory period, Litton had not received notice, formal or informal, of the institution of the action, and (2) that due to its nonreceipt of such notice, Litton would be prejudiced in maintaining its defense on the merits, should the amendment be allowed." Craig II, 479 F.2d at 36-37. In her opposition, plaintiff distinguishes Craig II on a similar basis, which defendant KLI, Inc. fails to address in its reply. Given the above, defendant KLI, Inc.'s first ground for challenging relation-back lacks merit.

Similarly, for two independent reasons, the court concludes that defendant KLI, Inc.'s second ground also lacks merit. First, Rule 15(c)(1)(C) requires only that the

7

1 added defendant "know or should have known" that it would have been named in the
2 original pleading but for a mistake concerning the proper party's identity "within the period
3 provided by Rule 4(m) for serving the summons and complaint." Fed. R. Civ. Pro.
4 15(c)(1)(C). Under that requirement, then, defendant KLI, Inc. need not acquire Rule
5 15(c)(1)(C)(ii)'s subject knowledge until November 27, 2019 (i.e., within 90 days after the
6 Original Complaint was filed on August 29, 2019).

7 On November 18, 2019, nine days before expiration of the Rule 4(m) period,
8 defendant KLI, Inc. filed its motion to dismiss. Dkt. 26. In that motion, defendant KLI,
9 Inc. cites plaintiff's Original Complaint, Dkt. 26 at 3 ("Plaintiff's initial Complaint alleges
10 that Plaintiff suffered personal injury falling from a ladder on September 30, 2017"), which
11 alleges that "[t]hrough various divisions and under various labels, including the Keller
12 brand, Defendants develop, design, test, manufacture, advertise, distribute, supply, and
13 sell goods—including Ladders—throughout the United States," Compl. ¶ 11. Defendant
14 KLI, Inc.'s own motion acknowledges that it was formerly named both "Keller Ladders,
15 Inc." and "Keller Industries." Dkt. 26 at 2. Having relied upon a pleading containing such
16 allegation when filing its November 18, 2019 motion, defendant KLI, Inc. (by defendant
17 KLI, Inc.'s own admission, formerly known as "Keller Ladders, Inc." and "Keller Industries,
18 Inc.") cannot contest that it "should have known," before November 27, 2019, that its
19 absence from the Original Complaint as a named defendant entity under the "Keller
20 brand" label was a mistake.

21 Second, there is reason to infer that defendants are acting under common control
22 and, therefore, the knowledge of one may be imputed to the other. As an initial matter,
23 defendant KLI, Inc. does not challenge the FAC's unverified allegation that it is subject to
24 common control with the other defendants. FAC ¶ 19. The veracity of that allegation is
25 supported by plaintiff's counsel's undisputed testimony that, prior to filing the FAC, he
26 received a telephone call from an attorney (Michael Terhar) for defendant Werner Co.,
27 Dkt. 30-1 ¶ 2, and Mr. Terhar made representations concerning the corporate existence
28 of some of the *other* defendants, id. ¶¶ 3-4.

An inference of common control is also supported by defendant Werner's grounds for making a special appearance to file its instant motion to dismiss—namely "to protect its interest in the event that plaintiff moves to default" against the other defendants and "erroneously attempts enforcement against Werner Co. ***on a successor liability basis***." Dkt. 24 at 1-2 (emphasis added). Such inference is still further supported by defendant Werner Co.'s own request for judicial notice of the <u>Merryfield</u> notice of removal. Similar to this action, <u>Merryfield</u> involved claims for injuries suffered in connection with a ladder. Dkt. 33-2 ¶ 11 ("In their Complaint, Plaintiffs seek judgment against Defendants for the following: . . . a. for amounts to compensate plaintiff Merryfield for 'serious injuries and damages' suffered from a fall from a ladder . . .'"). Its notice of removal shows that defendant KLI, Inc. and defendant Werner Co. were both named as defendants, were represented by common attorneys, and jointly removed it to federal court. Dkt. 33-2 at 2 ("Defendants, KLI, Inc. ('KLI') and Werner Co., ('Werner') (collectively, 'Defendants'), by their attorneys, O'Neil, Cannon, Hollman, DeJong & Laing S.C., hereby submit ***their*** Notice of Removal . . .") (emphasis added).

Taken together, the above proffered filings, undisputed testimony, and unrefuted allegation support imputing the knowledge of the other defendants to defendant KLI, Inc. for purpose of the court's Rule 15(c)(1)(C) analysis. <u>G.F. Co. v. Pan Ocean Shipping Co.</u>, 23 F.3d 1498, 1503 (9th Cir. 1994) ("Cases from other circuits confirm that Rule 15(c) notice is satisfied when 'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. . . . Such is the case with Panobulk and Pan Ocean."). As shown by the certificates of service filed with this court, plaintiff served the Original Complaint at "93 Werner Road, Greenville, Pennsylvania 16125" on September 12, 2019. Dkt. 10-11. Defendant Werner Co. acknowledged that it is located at such address. Dkt. 24 at 4. At minimum, then, defendant Werner Co., received notice of the Original Complaint on September 12, 2019. Because an incidental aspect of "common control" includes information sharing, the court may reasonably infer, then, that defendant KLI,

Inc. either "knew" or "should have known" (by way of defendant Werner Co.) about the Original Complaint and its mistaken omission on or around September 12, 2019. For the two independent reasons noted above, defendant KLI, Inc's second ground for challenging relation-back also lacks merit.[1]

In short, the record shows that by at least November 18, 2019, defendant KLI, Inc. "knew or should have known" that this action would have been brought against it but for a mistake in its identity. Defendant KLI, Inc. conceded that Rule 15(c)(1)(B) is not at issue here and failed to contest that its belated notice of this action (which nonetheless allowed it to file the instant pre-discovery dispositive motion) would prejudice its defense on the merits. As a result, the court concludes that plaintiff's claims against defendant KLI, Inc. relate back to her Original Complaint under Rule 15(c)(1)(C).

### b. Alternatively, the Court May Equitably Toll the Challenged Claims under California Law

Under California law, equitable tolling is "appropriate where the record shows the following:

>   (1) timely notice to the defendant in filing the first claim;
>
>   (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and
>
>   (3) good faith and reasonable conduct by the plaintiff in filing the second claim."
>
> Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir. 2001).

As analyzed above, the court may infer that defendant KLI, Inc. received timely

---

[1] Lastly, Defendant KLI, Inc. cites the Ninth Circuit's unpublished opinion in Ramos-Santoya v. Ins. Co. of State of Pennsylvania, 379 F.App'x 596 (9th Cir. 2010) for the proposition that relation-back is improper when a plaintiff "knew of the identity of the [added party] before suit was filed, but for whatever reason, did not name it as a defendant." Id. at 597. Putting aside defendant KLI, Inc.'s failure to explain how such authority is applicable here in the first instance, the Ninth Circuit filed Ramos-Santoya on May 17, 2010, which was before the Supreme Court's June 7, 2010 decision in Krupski, which expressly ruled that Rule 15(c)(1)(C) "sets forth an exclusive list of requirements for relation back, ***and the amending party's diligence is not among them***." Id. at 553. To the extent defendant KLI, Inc's suggests that relation-back here is also improper because plaintiff failed to act diligently, such suggestion rests upon overruled authority.

notice of the potential claims against it in the Original Complaint by virtue of its relationship with defendant Werner Co., which itself received notice of this action on September 12, 2019.  Moreover, the record does not suggest that defendant KLI, Inc.'s post-September 30, 2019 addition to this action inhibited its ability to defend against it or that plaintiff acted in bad faith by belatedly adding defendant KLI, Inc.  In the alternative, then, the court concludes that plaintiff's claims against defendant KLI, Inc. may be equitably tolled under California law.

## CONCLUSION

For the above reasons, the court **GRANTS IN PART** defendant Werner Co.'s motion to quash **WITHOUT PREJUDICE** and **TERMINATES** its motion to dismiss.  The court **DENIES** defendant KLI, Inc.'s motion to dismiss.  Except the notice of removal in Merryfield (Dkt. 33-2), the court **DENIES** all requests for judicial notice.[2]  Defendant Werner Co. and defendant KLI, Inc. both remain as defendants in this action.

**IT IS SO ORDERED.**

Dated: February 28, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[2] The denied requests are unnecessary for the court to resolve the outstanding issues in these motions. Plaintiff does not oppose judicial notice of the Dkt. 33-2, which, in any event, the court may "properly take judicial notice of [as a] court filing[] and other matter[] of public record." Flores v. Montgomery, 727 F. App'x 273, 275 n.1 (9th Cir.), cert. denied, 139 S. Ct. 283, 202 L. Ed. 2d 187 (2018).